UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------X   Docket No.:
LECHEEK NUTRITION, INC., and
RETAIL EXCLUSIVE DISTRIBUTION, INC.,

                                   Plaintiffs,

**COMPLAINT**

   -against-

NEW HEALTH VENTURES, LLC
d/b/a ELITENUTRITION.COM and
d/b/a NUTRITIONALARSENAL.COM,

**JURY TRIAL
DEMANDED**

                                  Defendant,
------------------------------------------------------------------------X

Plaintiffs **LECHEEK NUTRITION, INC.**, and **RETAIL EXCLUSIVE DISTRIBUTION, INC**, by its attorneys, **KIM WINSTON, LLP,** and **AARON M. GOLDSMITH, ESQ.** (*Pro Hac Vice* **PENDING),** as and for its Complaint against the Defendants herein, hereby alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover money due to the Defendants' improper use of trademarks, labeling, branding marketing material, pursuant to 15 USC §§ 1051, 1121 and 1125 (the Lanham Act) and 54 PA Const.Stat. §1101, *et seq*. Plaintiff RETAIL EXCLUSIVE DISTRIBUTION, INC ("RETAIL") is an Arkansas corporation, and is a sister company of LECHEEK NUTRITION, INC ("LECHEEK"), an Arkansas Corporation. The companies produce and distribute dietary and nutritional supplements throughout North America. A number of products produced and distributed by Plaintiffs and their sister corporations include a brand known in the marketplace as "Insane Labz." Insane Labz products have been sold in the marketplace for a number of years and have become popular with branding, labeling and marketing utilizing thematic elements from horror/gore films in addition to its unique spelling of

"Labz" with a "z."  Plaintiff RETAIL is the holder of a number of trademarks associated with its unique branding, labeling and marketing.

2. More recently, Defendant NEW HEALTH VENTURES, LLC, d/b/a "elitenutrition.com" and "nutritionalarsenal.com" has been offering/selling Insane Labz dietary and nutritional supplements through its websites without authorization.  Not only do Defendant's products seek to generate revenue and confuse industry consumers by selling Plaintiffs' products, but the Defendant has also displayed and employed pictures, photographs, renderings and representations of Plaintiffs' labeling and marketing utilizing horror/gore film elements.  Plaintiffs' products have been the only products in the nutritional supplement industry to utilize these marketing and branding elements.

3. Plaintiffs have sent Defendant a "cease and desist" letter on October 11, 2017.  To date, neither Plaintiffs nor their agents have received any response therefrom and Defendant has continued to market and display Plaintiffs' registered trademarks and trade-dress of products in the same fashion.

**PARTIES**

4. Plaintiffs LECHEEK NUTRITION, INC, and RETAIL EXCLUSIVE DISTRIBUTION, INC, are corporations with their principal place of business located within Harrison, Arkansas, within the Western District of Arkansas.  Plaintiffs have been established corporations within that District for several years.

5. Upon information and belief, Defendant NEW HEALTH VENTURES, LLC, was and still is a Pennsylvania corporation with its office registered for service located at the addresses known as 773 Keystone Industrial Park, Unit 3, Scranton, PA 18532 and 1742 Danforth St., Philadelphia, PA 19152.

6. Upon information and belief, Defendant NEW HEALTH VENTURES, LLC, is the owner/operator of the retail websites doing business as "elitenutrition.com" and "nutritionalarsenal.com."

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists among the parties.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claim occurred in this District, including but not limited to, Defendants' principal place(s) of business and their operation of infringing marketing.

9. This Court also has subject matter jurisdiction over the parties under 15 USC § 1121 (the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark), and 54 PA Const.Stat. §1101, *et seq*.

## ALLEGATIONS COMMON TO ALL CLAIMS AND FOR A FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT)

10. The Lanham Act 15 USC §§ 1051, 1121 and 1125 (the Lanham Act) and 54 PA Const.Stat. §1101, *et seq*. act to protect the trademark(s) of a corporation and its products.

11. An individual or corporation may be in violation of the Lanham Act and Pennsylvania law if they infringe upon the trademark lawfully and properly held by another.

12. Infringement occurs when one person and/or corporation affects and/or uses an insignia, trademark, trade-dress or other unique branding of a product or corporation without

express permission. Infringement may also occur when one person and/or corporation intentionally closely mimics the insignia, trademark, trade-dress or other unique branding of a product or corporation in order to draw customers to itself and its products rather than the original and proper trademark holder.

13. Plaintiff RETAIL is the exclusive trademark holder of approximately 32 registered trademarks used for labeling, branding and marketing of a number of products produced by Plaintiff LECHEEK. A list of the trademarks held by Plaintiff RETAIL in doing business as "Insane Labz," including both trademarks already registered and those with applications pending before the US Patent and Trademark Office is attached hereto and made a part hereof as Exhibit "A."

14. Plaintiff RETAIL does business as "INSANE LABZ," and has done so in the nutritional supplement industry for several years.

15. Plaintiffs' products under the brand "Insane Labz" are sold through authorized "brick and mortar" retailers only. No retail web-sites are authorized to distribute, market or sell Plaintiffs' products.

16. Plaintiffs' products under the brand "Insane Labz" are sold throughout North America.

17. Plaintiffs' products under the brand "Insane Labz" are uniquely identifiable by the misspelling of "Labs" with a "z." This unique spelling has been trademarked, as well as its use with a number of other trademarked product/product names of Plaintiffs.

18. In addition to the unique spelling of the brand, its labeling, advertisement and marketing have employed motifs and thematic elements from horror/gore films and fantasy. At the time Plaintiffs began incorporating these unique elements into their labeling and marketing,

"Insane Labz" was the only product-line/brand in the nutritional supplement industry to use the themes or anything similar.

19. Plaintiffs drew inspiration for the unique use of horror/gore film thematic elements from the Owner/Chief Executive Officer's love of such films which he also produces under the company known as "Insane Filmz."

20. Defendant has no such trademarks, whether fully registered or with applications currently pending.

21. Defendant has been selling, attempting to sell, marketing and advertising Plaintiffs' products under its web-sites "elitenutrition.com" and "nutritionalarsenal.com."

22. Defendant has been using and displaying the registered trademarks and trade-dress of Plaintiffs, as well as pictures, photographs and renderings of Plaintiffs' labeling, marketing and products without permission.

23. Because of Defendant's sale and display of Plaintiffs' products/brand and marketing, as well as products with horror/gore film motifs and thematic elements, Plaintiffs have suffered losses and market confusion, resulting in economic damages and depletion of their pre-existing good-will.

24. Defendant's sale and display of Plaintiff's products/brand and marketing, as well as products with horror/gore film motifs and thematic elements has unfairly and improperly created competition with Plaintiffs' direct, authorized sales.

25. Defendant has intentionally and deliberately sold Plaintiffs' products and displayed and/or advertised Plaintiffs' products in an effort to confuse the nutritional supplement consumers by drawing business away from Plaintiffs to Defendant's websites.

26. Defendant has intentionally and deliberately used pictures, branding, labeling and renderings of horror/gore film motifs and thematic elements in an effort to confuse the nutritional supplement consumers by drawing business away from Plaintiffs to Defendant's websites.

27. Plaintiffs have been confronted by both individual consumers and corporate distributors throughout North America with questions about their association with the Defendant's websites.

28. Defendant has refused to acknowledge or respond to Plaintiffs' "cease and desist" letter, and has continued to sell, market and advertise Plaintiffs' products, in a willful and intentional effort to evade any attempts by Plaintiffs to protect their lawful trademarks.

**INJURY TO PLAINTIFFS**

29. Plaintiffs LECHEEK NUTRITION and RETAIL EXCLUSIVE DISTRIBUTION have been significantly and severely damaged by the intentional and deliberate infringement by Defendant.

30. Plaintiffs have been damaged significantly by loss of revenue from the manufacture and sale of its products due to the improper diversion of sales of "Insane Labz" products due to the unfair competition and confused consumers.

31. Plaintiffs have been damaged significantly by loss of revenue generated from the manufacture and sale of its products due to the dilution of their pre-existing goodwill.

32. By reason of the foregoing and pursuant to 15 USC §§ 1051, 1121 and 1125 (the Lanham Act) and 54 PA Const.Stat. §1101, *et seq.*, Plaintiffs demand that (a) Defendant be held liable to Plaintiffs for compensatory damages for all lost revenue; (b) Defendant be held liable to Plaintiffs for punitive damages in the amount of all compensatory damages to date, trebled, pursuant to the above-referenced statutes; (c) for an Order temporarily and permanently

enjoining Defendant from using/employing any labeling, branding and marketing similar to, or mimicking those employed by Plaintiffs' "Insane Labz" products/brand; and for such other and further relief as this Court deems just, proper and equitable.

### AND AS FOR A SECOND CAUSE OF ACTION

33. Plaintiffs repeat and reiterate paragraphs 1 through 32 as if more fully and completely set forth herein.

34. Defendant committed the tortious actions/infringement as set forth above, willfully, maliciously and with intent, which raises the presumption of indifference to the consequences, as well as satisfying statutory requirements and entitles Plaintiffs to punitive damages in an amount sufficient to punish and deter such conduct by Defendant in the future.

35. The statutory provisions of 15 USC §1125 *et seq*, permit the trebling of damages as punitive measures against the offending defendants. Accordingly, Plaintiffs hereby demand treble damages as an award of punitive damages herein.

### JURY DEMAND

36. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs LECHEEK NUTRITION, INC. and RETAIL EXCLUSIVE DISTRIBUTION, INC. demand a trial by jury.

*-intentionally blank-*

**WHEREFORE**, Plaintiffs LECHEEK NUTRITION, INC. and RETAIL EXCLUSIVE DISTRIBUTION, INC., demand judgment against the Defendant NEW HEALTH VENTURES, LLC, doing business as "ELITENUTRITION.COM" and "NUTRITIONALARSENAL.COM", for:

I. An amount to be determined at trial, but in excess of FIVE MILLION ($5,000,000.00) US DOLLARS awarded against Defendant, for compensatory damages;

2. An amount to be determined at trial, but in excess of FIFTEEN MILLION ($15,000,000.00) US DOLLARS, awarded against Defendant, for exemplary and punitive damages.

3. An award against Defendant, for the interest, the costs and disbursements, and attorneys' fees of this action;

4. An injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendant preliminarily and permanently from using/employing any branding, labeling and advertisement containing any product known or referred to as "Insane Labz" brand and/or the likeness of any motif or thematic element commonly associated with horror/gore films and fantasy; and ENJOINING Defendant, its respective officers, agents, servants, employees and attorneys, and all other persons in concert or participation with them, from reproduction, publishing, distributing, or otherwise using or exploiting any name containing the term "Insane Labz", and any picture, drawing, rendering and/or video for use in labeling, branding and advertising/marketing of "Insane Labz" products/brand with any motif or thematic elements similar to horror/gore films and fantasy genres;

and such other and further relief, as the Court may deem just and proper.

Dated: November 30, 2017

Respectfully submitted,

By: _____
Y. Jae Kim, Esq. (PA Bar No. 205117)
Firouzeh Nur-Vaccaro, Esq. (PA Bar No. 312173)
**KIM WINSTON LLP**
**129 W. Evesham Rd.**
**Voorhees, NJ 08043**
**Tel: (856) 520-8988**
*yjaekim@kimwinston.com*
*firouzehnurvaccaro@kimwinston.com*

**AARON M. GOLDSMITH, ESQ.**
*Attorney for Plaintiffs (PHV Pending)*
**225 Broadway, Suite 715**
**New York, NY 10007**
**Telephone: (914) 588-2679**
*aarongoldsmithlaw@gmail.com*

*Attorneys for Plaintiffs*

**TO:**

NEW HEALTH VENTURES, LLC
d/b/a "elitenutrition.com"
d/b/a "nutritionalarsenal.com"
773 Keystone Industrial Park, Unit 3
Scranton, PA 18512

NEW HEALTH VENTURES, LLC
d/b/a "elitenutrition.com"
d/b/a "nutritionalarsenal.com"
1742 Danforth St.
Philadelphia, PA 19152